UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.  8:11-cr-627-T-23AEP
 8:12-cv-2780-T-23AEP

JORGE LEVIS GAMBOA-RENTERIA
_____/

# O R D E R

Under 28 U.S.C. § 2255 Gamboa-Renteria ("Gamboa") moves (Doc. 1) to vacate his sentence and argues that jurisdiction is lacking because his vessel was in the territorial water of Panama. The United States Magistrate Judge conducted an evidentiary hearing and recommended finding that Gamboa's vessel was in international water because the vessel was beyond the twelve-mile territorial limit. An earlier order (Doc. 62) adopts the magistrate judge's report, denies the motion to vacate, declines to issue a certificate of appealability ("COA"), and denies leave to appeal *in forma pauperis*.  Nonetheless, Gamboa appealed.  (Doc. 65)

Gamboa timely moved for reconsideration (Doc. 68), which was construed as a motion for relief from a judgment under Rule 60(b), Federal Rules of Civil Procedure.  An earlier order (Doc. 69) denies the motion and explains the distinction between a country's "territorial water" and the country's "contiguous zone," which is

an area extending twelve miles beyond the territorial water into international water. Gamboa appeals and moves for leave to appeal *in forma pauperis*. (Docs. 70 and 72)

Gamboa's notice of appeal (Doc. 70) is construed as a request for a COA. *See Jackson v. Crosby*, 437 F.3d 1290, 1294–95 (11th Cir. 2006) ("It is still the law of this circuit that a 'certificate of appealability is required for the appeal of any denial of a Rule 60(b) motion for relief from a judgment in a [28 U.S.C.] § 2254 or [28 U.S.C.] § 2255 proceeding.'") (quoting *Gonzalez v. Sec'y, Dep't of Corr.*, 366 F.3d 1253, 1263 (11th Cir. 2004)).

Gamboa is not entitled to a COA. A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Gamboa must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Jurisdiction over Gamboa's vessel is proper because his vessel was in international water. Because Gamboa shows that reasonable jurists would debate neither the merits of the claims nor the procedural issues, Gamboa cannot meet *Slack*'s prejudice requirement. 529 U.S. at 484. Finally, because Gamboa is not entitled to a COA he is not entitled to appeal *in forma pauperis*.

Accordingly, the construed request for a certificate of appealability (Doc. 70) and the motion for leave to appeal *in forma pauperis* (Doc. 72) are **DENIED**. Gamboa must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on November 25, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE